**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

February 26, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Tallulah Costa
DEPUTY CLERK

| | | |
|---|---|---|
| **ADEIRA CELEENE WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 7:26-CV-00080** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COMMONWEALTH OF VIRGINIA, et al.,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Plaintiff Adeira Celeene Wright's emergency petition for writ of habeas corpus (Dkt. 1) and emergency motion to stay enforcement (Dkt. 2). Wright, proceeding *pro se*, claims that preliminary child protective orders previously entered by the Franklin County Juvenile and Domestic Relations Court barring her from contact with several of her biological children constitute unlawful custody entitling her to habeas relief. The named Defendants in this action are the Commonwealth of Virginia, the Sheriff of Franklin County, and the Clerk of the Franklin County Juvenile and Domestic Relations Court. Dkt. 1 at 1. The protective orders bar Wright from contact with four of her biological children, minors who are in the custody of their adoptive parents. Wright filed an additional motion requesting expedited relief (Dkt. 4) due to continuing irreparable harm. She asks that this Court stay enforcement of the protective orders. Wright is not in custody, so this Court lacks jurisdiction to provide relief under federal habeas corpus. Because Wright's emergency motion to stay enforcement (Dkt. 2) asks the court to relitigate domestic relations duties adjudicated by a competent state court, this Court will abstain from exercising jurisdiction over those claims.

I.    **Background**

This action arises from Wright's disagreement with preliminary child protective orders entered by the Franklin County Juvenile and Domestic Relations Court on January 13, 2026, on the adoptive mother's ex parte motion, ordering Wright to refrain from contacting any of these four children. Dkt. 1 ¶ 15. Wright filed a motion to dissolve the protective orders on January 22, 2026, which is presently set to be heard on March 10, 2026. Dkt. 2 ¶¶ 5, 6. Wright filed an emergency petition for writ of habeas corpus (Dkt. 1) and an emergency motion to stay the protective orders (Dkt. 2) in this Court.[1]

Wright has at least seven biological children. Based on her filings, it appears that Wright lost custody of four minor children years ago and may have[2] recently lost custody of several additional children. Seeking to overturn these family court decisions, Wright sought relief in this Court previously. First, she requested that the four biological children currently under the protective orders be removed from their adoptive parents and placed with her due to allegations of abuse. *See* Complaint at 1, *Wright v. Virginia Department of Social Services, et al*, No. 7:25-cv-00898 (W.D. Va. Dec. 8, 2025), Dkt. 3. Next, Wright brought another federal civil suit under 42 U.S.C. § 1983 alleging denial of due process, retaliation, and violation of her Fourth Amendment rights arising from the protective orders challenged in this case and removal of her

---

[1] Courts in the Fourth Circuit frequently consider facts alleged by *pro se* plaintiffs in response to a motion to dismiss, even if they are improperly asserted outside of the complaint. *Holley v. Combs*, 134 F.4th 142, 144 (4th Cir. 2025); *see also, Goines v. Valley Community Services Board*, 822 F.3d 159, 166 (4th Cir. 2016) (holding that courts may consider documents explicitly incorporated by reference or otherwise integral to the complaint). Therefore, I have liberally construed Wright's petition to include facts contained in the petition, motion to stay, and associated declarations. Dkts. 1, 2, 4–6.

[2] According to Wright's previous filings, the Virginia Department of Social Services removed several children from her care in October 2025. However, in the instant case, Wright alleges that she has "lawful custody" of at least one child. Dkt. 1 ¶ 20.

other biological children from her care. Complaint, *Wright v. Roanoke City Department of Social Services, et al.*, No. 7:26-cv-00048 (W.D. Va. Jan. 30, 2026), Dkt. 2.

Here, Wright again seeks to litigate the state court preliminary child protective orders in federal court. She alleges that she is in "custody" under 28 U.S.C. § 2241 because she is subject to "severe restraints not shared by the public generally." Dkt. 1 ¶ 5. She requested state habeas relief and filed a motion to dissolve the orders in the Franklin County Juvenile and Domestic Relations Court. *Id.* ¶¶ 9–10. Wright argues that she is entitled to relief from the protective orders because compliance is "impossible," and she is subject to "Unlawful Custody Without Due Process." *Id.* ¶¶ 22–23. Specifically, Wright argues that compliance with the protective orders is "impossible" because "[w]hen I go to the school to receive children in my lawful care, restrained siblings may independently approach me during pickup or dismissal." Dkt. 1 ¶ 20; Dkt. 3 ¶¶ 18–21. Further, she alleges due process violations because Wright "cannot verify the procedural basis, duration, scope, parties, or authority relied upon for continued enforcement [of the protective orders]." Dkt. 1 ¶ 19. She alleges that the Franklin County Juvenile and Domestic Relations Court issued the protective orders without lawful jurisdiction. Dkt. 3 ¶ 6.

In a separate declaration, Wright alleges improper involvement by the Department of Social Services. Dkt. 5 at 3–4. Specifically, she alleges that "[n]o written judicial order exists authorizing DSS participation in the proceedings." *Id.* at 4. However, the Department of Social Services is not a defendant in this action, and this allegation appears aimed at bolstering Wright's request for release from custody. Wright clarifies in an additional notice to the Court that she "does not seek review of custody determinations, parenting issues, or family-court merits." Dkt. 6 at 1. For relief, Wright requests an immediate stay of the challenged protective orders, and an injunction preventing arrest based on violation of the protective orders. Dkt. 1 at 6. Alternatively,

Wright requests "conditional relief requiring a prompt, lawful jurisdictional determination or cessation of enforcement" or other necessary relief. *Id.*

## II.    Discussion

Wright's claims must be dismissed. Wright is not in custody as defined by 28 U.S.C. § 2241, so this court lacks jurisdiction to grant habeas corpus relief. Further, this Court is not the appropriate forum to appeal preliminary child protective orders and will therefore abstain from exercising jurisdiction over such an appeal. To overturn decisions made by a state court, Wright must seek relief through the state system. State courts, specifically juvenile and domestic relations courts, have jurisdiction over child custody disputes and the authority and necessary expertise to handle these matters.

As a *pro se* litigant, Wright's pleadings are afforded liberal construction and held to a less stringent standard than formal pleadings drafted by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction is particularly important when *pro se* complaints allege civil rights violations. *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). However, even a *pro se* filing "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021) (internal citations omitted).

Although the Court will construe *pro se* pleadings liberally, it remains imperative that a federal court establish subject matter jurisdiction at the outset of litigation. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and

dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). The Fourth Circuit recently expounded on this proposition, stating that "it is incumbent on a court to evaluate its jurisdiction at the outset, lest it inadvertently breach the 'bounds of authorized judicial action.'" *Hensley v. City of Charlotte*, 2023 WL 1990298, at *2 (4th Cir. Feb. 14, 2023) (quoting *Steel Co.*, 546 U.S. at 94). Further, the Federal Rules of Civil Procedure mandate that the court dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. Proc. 12(h)(3).

 A. Wright's Habeas Corpus Petition

 "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). Habeas corpus is not "a generally available federal remedy for every violation of federal rights." *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 510 (1982). Relevant here, "federal habeas has never been available to challenge parental rights or child custody." *Id.* at 511. Further, a state court order of protection forbidding the petitioner from contacting the victim of harassment is not a sufficiently severe restraint to place the petitioner "in custody" for the purposes of the habeas statute. *Vega v. Schneiderman*, 861 F.3d 72, 75–76 (2d Cir. 2017). Custody is a jurisdictional requirement that the petitioner be "in custody" when the petition is filed. *Wilson v. Flaherty*, 689 F.3d 332, 333 (4th Cir. 2012).

 Although Wright does not seek to challenge child custody directly, her biological children's adoptive parents sought protective orders against her to protect their minor children. In doing so, they asserted parental rights, which cannot be challenged using federal habeas corpus. *See Lehman*, 458 U.S. at 510–11 ("[t]he 'custody' of foster or adoptive parents over a child is not

the type of custody that traditionally has been challenged through federal habeas"). Additionally, restraint imposed by a protective order is insufficient to demonstrate custody. Because Wright is not in custody, and in any case may not vindicate her parental rights in federal court, this Court lacks jurisdiction over Wright's petition for writ of habeas corpus. Therefore, Wright's petition for federal habeas corpus will be dismissed.

   B.  Emergency Motion to Stay Enforcement

   Wright does not specify the basis for her second emergency motion (Dkt. 2). Further, the petition itself requests relief beyond release from custody. Dkt. 1 at 6. Even if these filings are construed as requesting relief under another federal statute, this Court cannot adjudicate Wright's claims. The Court will abstain from exercising jurisdiction pursuant to domestic relations abstention and the *Rooker – Feldman* doctrine. In any case, this Court lacks the authority to interfere with enforcement of a preliminary child protective order and cannot grant the relief requested.

   The domestic relations exception is a jurisdictional bar that prevents federal district courts from adjudicating child custody, alimony, and divorce proceedings in federal court under diversity jurisdiction. *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982). When the underlying claim states a federal question, the jurisdictional bar does not apply. *United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997); *see also*, *Reale v. Wake County Human Services*, 480 F. App'x. 195, 197 (4th Cir. 2012). However, the Fourth Circuit has abstained from hearing federal question cases that necessarily implicate duties arising under family relations law. *Cole v. Cole*, 633 F.2d 1083, 1088 (4th Cir. 1980) (holding that federal courts must "be alert to preclude what are genuinely divorce, alimony, or child custody cases and support cases from creeping around the barrier"); *Doe v. Doe*, 660 F.2d 101, 105–06 (4th Cir. 1981) (holding that the district

court erred in exercising jurisdiction over a federal habeas claim filed to litigate custody of the plaintiff's minor son).

Wright asks this court to stay enforcement of four preliminary child protective orders entered against her. A preliminary child protective order is intricately intertwined with child custody. Further, the state court has an "unusually strong" interest in adjudicating domestic relations cases, while the federal interest is "circumscribed and cabined." *York v. Virginia*, No. 7:12CV00019, 2012 WL 178357, at *1 n.1 (W.D. Va. Jan. 23, 2012). Thus, the domestic relations interests inherent in Wright's claim counsel abstention in this case.

Even if the domestic relations exception is insufficient to command abstention, the *Rooker – Feldman* doctrine requires it in this case. Under the *Rooker – Feldman* doctrine, the district courts lack jurisdiction when a state court loser seeks rejection of the state court judgment in federal court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies if "(1) the party raising the claim lost in state court; (2) the party's injuries were caused by the state court judgment; (3) the party's claims invite the district court to review and reject the state court judgment; and, (4) the state court judgment was rendered before . . . federal proceedings commenced." *Marshall v. Marshall*, 523 F. Supp. 3d 802, 831 (E.D. Va. 2021) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Eastern District of Virginia has held that a child preliminary protective order is a final judgment under the *Rooker – Feldman* doctrine. *Id*. at 834; *Bey ex rel. Graves-Bey v. Jacobs*, No. 3:14-CV-511, 2014 WL 3871348, at *3 (E.D. Va. Aug. 6, 2014).

*Rooker – Feldman* abstention extends to ancillary issues that are "inextricably intertwined" with the state court issue. An issue is "inextricably intertwined" if the relief sought

requires a federal court to "determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997) (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). When the plaintiff seeks to overturn the result of a state court proceeding, the nature of that complaint is an appeal from the state court judgment. *Leonard v. Suthard*, 927 F.2d 168, 170 (4th Cir. 1991); *see Stratton v. Mecklenburg Cnty. Dept. of Soc. Services*, 521 F. App'x. 278, 291 (4th Cir. 2013) (holding that the *Rooker – Feldman* doctrine barred adjudication of Plaintiff's claims because "it is clear that any due process claim is a mere pretext for the real focus of the Complaint, which challenges the validity of records and proceedings of the North Carolina Courts that resulted in termination of the Strattons' parental rights").

Applying the *Rooker – Feldman* doctrine, abstention is appropriate in this case. First, Wright lost in state court as to the preliminary protective orders, given that the court entered protective orders against her. Second, Wright alleges injuries from that loss, specifically from restraint imposed by the preliminary protective orders. Third, the relief requested invites this Court to reject the state court judgment. Specifically, Wright asks that this court "stay enforcement of the challenged protective orders" and "enjoin the Sheriff of Franklin County from arresting or incarcerating Petitioner based solely on alleged violations of those orders." Dkt. 1 at 6. To grant this relief, this Court would necessarily reject the state court preliminary child protective orders, which are final judgments for the purposes of the *Rooker – Feldman* doctrine. *See Johnson v. Byrd*, No. 1:16CV1052, 2016 WL 6839410, at *7 (M.D.N.C. Nov. 21, 2016), *aff'd*, 693 F. App'x. 219 (4th Cir. 2017) (holding that plaintiff's request that the Court enjoin a state court's allegedly unconstitutional proceedings in child custody cases was

"inextricably intertwined" with the state court proceedings and therefore barred under *Rooker – Feldman*). Wright may seek review of and relief from the protective orders at the hearing on this issue in the Franklin County Juvenile and Domestic Relations Court on March 10, 2026. This Court will abstain from exercising jurisdiction in an appeal of those orders.

### III.   Conclusion

Undoubtedly, Wright is subject to distress and hardship as a result of the protective orders. Writs of habeas corpus protect the essential right to remain free from unlawful executive custody. However, Wright must litigate these hardships in a state court that can exercise jurisdiction over her claims. Because Wright is not in custody, this Court lacks jurisdiction over Wright's emergency petition for writ of habeas corpus (Dkt. 1), and it is therefore **DISMISSED** without prejudice. Even construing Wright's Complaint liberally as requesting relief under another federal statute, this Court will abstain from exercising appellate review of a state court preliminary child protective order. Wright's emergency motion to stay enforcement (Dkt. 2) and is therefore **DISMISSED** without prejudice. Accordingly, Wright's motion for expedited consideration (Dkt. 4) is **DENIED** as moot.

An appropriate Order shall follow.

It is so **ORDERED**.

Entered:  February 26, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge